**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUSSELL,                              )<br>                                             )<br>          Plaintiff,              )<br>                                             )<br>     v.                                  )<br>                                             )<br> JUDGE DAVID CLIFTON and  )<br> JUDGE DAVID HARDY,        )<br>                                             )<br>          Defendants.          )<br>_____) | 3:12-cv-00648-LRH-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**<br><br><br>June 3, 2013 |

Before the court is plaintiff's application for leave to proceed *in forma pauperis*, accompanied by his *pro se* complaint, which was filed on December 11, 2012 (#1; #1-1).[1]  The court has thoroughly reviewed the record, and grants plaintiff's application to proceed *in forma pauperis* (#1), but dismisses plaintiff's complaint (#1-1) without prejudice to renew.

**I.   Plaintiff's Application to Proceed *In Forma Pauperis***

In plaintiff's application and financial affidavit, plaintiff indicates that he has no monthly income or assets, and that he is currently homeless (#1, pp. 1-2).  Based upon the foregoing, the court finds that plaintiff does not have sufficient funds to pay the filing fee in this case.  Accordingly, the court grants plaintiff's application to proceed *in forma pauperis* (#1).

**II.  Screening Pursuant to 28 U.S.C. § 1915**

A federal court must dismiss a case in which *in forma pauperis* status is granted if the court determines that the plaintiff's claims are frivolous, malicious, fail to state a claim upon which relief

---

[1] Refers to the court's docket numbers.

may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (section 1915(e) applies to all *in forma pauperis* complaints—not just those filed by prisoners). Accordingly, the court will now review plaintiff's complaint (#1-1).

**III. Plaintiff's Complaint**

Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, against defendant David Clifton, a judge in Reno Justice Court, and defendant David Hardy, a judge in the Second Judicial District Court for the County of Washoe (#1-1, p. 2). In his complaint, plaintiff alleges that both defendants have frustrated his efforts to appeal multiple state court cases by making poor rulings and/or denying plaintiff's *in forma pauperis* applications. *Id.* at 4. Plaintiff also alleges that defendant Hardy granted his application to proceed *in forma pauperis*, but that "[n]o order has been issued to the justice court to forward the cases to the district court." *Id.* at 5. It appears that plaintiff claims that these actions violate his constitutional rights to due process, equal protection, and access to the courts. *Id.* at 4.

Plaintiff states he is suing defendants in both their individual and official capacities, and requests: (1) an order vacating "the [state court] judgment against me to extend an order against stalking and harassment;" (2) declaratory relief on whether a state court judge may deny a litigant's *in forma pauperis* appeal; and (3) an order transferring his cases in Reno Justice Court to the Second Judicial District Court. *Id.* at 9.

**IV. Discussion**

    **a. Judicial Immunity**

Immunities that were well established when 42 U.S.C. § 1983 was enacted were not abrogated by § 1983. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Absolute immunity

has been granted to "the President, judges, prosecutors, witnesses, and officials performing 'quasi-judicial' functions, and legislators." *Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991) (citation omitted). "Judges are [absolutely] immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *see also Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Houghton v. Osborne*, 834 F.2d 745, 750 (9th Cir. 1987). Immunity does not extend, however, to actions for prospective injunctive relief. *Ashelman*, 793 F.2d at 1075 (citing *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967)); *Partington v. Gedan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (citation omitted). Judges retain their immunity when they are accused of acting maliciously or corruptly, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989), and when they are accused of acting in error, *see Meek*, 183 F.3d at 965; *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam); *Ashelman*, 793 F.2d at 1075. In fact, a judge loses absolute immunity only when the judge acts in the "clear absence of all jurisdiction" or "performs an act that is not 'judicial' in nature." *Ashelman,* 793 F.2d at 1075 (citations omitted).

Here, plaintiff has sued Judge David Clifton and Judge David Hardy for making poor rulings and/or denying plaintiff's *in forma pauperis* applications, which has allegedly frustrated plaintiff's efforts to appeal multiple state court cases. These allegations clearly indicate that defendants' acts were made in the course and scope of their employment. On those grounds, both defendants would be absolutely immune in a suit for monetary damages.

### b. The Rooker-Feldman Doctrine

However, plaintiff does not appear to request monetary damages, but asks the court to become involved in plaintiff's state court proceedings. Although plaintiff's complaint is not a model of clarity, it appears that plaintiff is asking the court to vacate a state court judgment, determine state court jurisdictional issues, and transfer cases from Reno Justice Court to the Second Judicial District Court for the County of Washoe.

The *Rooker-Feldman* doctrine is a well-established jurisdictional rule that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing *de facto* appeals from state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Bianchi v. Rylaarrsdam*, 334 F.3d 895 (9th Cir. 2003). In *Noel v. Hall*, the Ninth Circuit explained the doctrine as follows:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

341 F.3d 1148, 1154 (9th Cir. 2003). In analyzing the *Rooker-Feldman* doctrine, the district court must pay close attention to the relief sought by the federal court plaintiff. *Bianchi*, 334 F.3d at 900. *Rooker-Feldman* applies where the plaintiff does not directly contest the merits of a state court decision, but rather, attempts to bring a suit that is a *de facto* appeal from a state court judgment. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). "A federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'" *Id.*

Here, it appears that the *Rooker-Feldman* doctrine bars plaintiff's claims. As the *Bianchi* court noted, it is immaterial that plaintiff frames his federal complaint as a constitutional challenge to the state court's decisions, rather than as a direct appeal of those decisions. *See Bianchi*, 334 F.3d at 898, n. 4. *Rooker-Feldman* prevents lower federal courts from exercising jurisdiction over any claim that is "inextricably intertwined" with a state court's decision, even where the plaintiff does not directly challenge the state court's rulings, but brings an indirect challenge based on constitutional principles. *See id.* Thus, the court finds that insofar as plaintiff is asking this court to overturn a state court decision, the *Rooker-Feldman* doctrine bars this claim.

The court finds that plaintiff's current complaint does not apprise the court of any viable civil rights claims. The court will give plaintiff one opportunity to amend his complaint in order to clarify his factual allegations and legal claims in the framework of a 42 U.S.C. § 1983 action.

**V.   Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (#1) is **GRANTED**. Plaintiff shall be permitted to file his federal complaint without payment of the filing fee. This Order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE AND DOCKET** plaintiff's complaint (#1-1).

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE WITH LEAVE TO AMEND**. Plaintiff shall have thirty (30) days from the date of entry of this Order to file an amended complaint. If plaintiff does not file an amended complaint within the time allowed, or if plaintiff files an amended complaint that fails to state a claim upon

which relief may be granted, the undersigned Magistrate Judge may recommend that the court dismiss plaintiff's action with prejudice.

**DATED**:  June 3, 2013.

_____

**UNITED STATES MAGISTRATE JUDGE**